STATE OF NORTH CAROLINA v. FERNANDO SCOTT JACKSON

No. 873SC609

(Filed 2 August 1988)

1. **Criminal Law §§ 138.16, 138.29 — aggravating factors — killing premeditated — inducement of another to participate**

Evidence was sufficient to support the trial court's finding as a nonstatutory factor in aggravation that a second degree murder had been planned for two months and was premeditated, and the same evidence was not used as a basis for the finding that defendant induced another to conspire with him in the murder, where there was evidence that defendant hired the third person to kill the victim and then later instructed him not to; defendant told others of his plan to kill the victim before he got in touch with the third person; and the autopsy showed that the killing was by strangulation, which required persistent effort over a period of several minutes.

2. **Criminal Law § 138.6— sentence—no consideration given to victim's relatives' thoughts on sentence**

   Receiving the thoughts of a victim's relatives as to the sentence which should be entered, though harmless in this case, is a practice which is not encouraged. N.C.G.S. § 15A-825(9).

3. **Criminal Law § 138.6— sentence—victim impact statements—procedure for receiving**

   There was no merit to defendant's contention that victim impact statements should not be received unless preceded by live testimony.

APPEAL by defendant from *Reid, Judge.* Judgment entered 28 January 1987 in Superior Court, PITT County. Heard in the Court of Appeals 8 December 1987.

*Attorney General Thornburg, by Assistant Attorney General Victor H. E. Morgan, Jr., for the State.*

*Appellate Defender Hunter, by Assistant Appellate Defender Geoffrey C. Mangum, for defendant appellant.*

PHILLIPS, Judge.

[1] Defendant pled guilty to the second degree murder of Lois Tyson and was sentenced to a prison term of forty years. The sentence greatly exceeds the presumptive term and he contends that in arriving at it the court committed two errors, one of which was finding as a non-statutory factor in aggravation that the killing had been planned for two months and was premeditated. The finding, so he argues, is not supported by evidence or if it is it is the same evidence upon which another aggravating factor is based—that defendant induced Jerry Wayne Martin to conspire with him to murder Tyson. Neither prong of the argument has merit. Apart from the evidence that defendant hired Jerry Wayne Martin to kill Tyson and then later instructed him not to, there was evidence that he told others of his plan to kill Tyson before he got in touch with Jerry Wayne Martin, and the autopsy shows that the killing was by strangulation, which requires persistent effort over a period of several minutes.

[2, 3] The court's other error, so defendant maintains, was in receiving the out-of-court statements of the victim's two sisters. The statements were on Victim Impact Statement forms supplied to them by the Pitt County Sheriff's Department and on them each sister described the sadness and shock she experienced

because of the killing, and in response to a directive on the form to indicate her thoughts "about the sentence that the Court should impose" stated in effect that the maximum sentence should be given. In addition one sister, in the space provided for describing the effect that the crime had had on her, reported a conversation she had with defendant concerning the killing and expressed her beliefs that defendant acted in cold blood, was not sorry for his crime, and would have killed the victim's five-year-old son also if he had been there. The judge struck these latter comments from that sister's statement and stated that he was disabusing his mind of their content. Even if receiving and considering the rest of the two statements was error it could not have prejudiced defendant in our opinion. For the court certainly knew before then, as every reasonably knowledgeable person knows, that almost invariably relatives and friends of murder victims are shocked and saddened by their killing and are of the opinion that murderers should be severely punished. Nevertheless, receiving the thoughts of relatives as to the sentence that should be entered, though harmless in this instance, is a practice not to be encouraged. The only authority for the court considering victim impact statements is G.S. 15A-825(9), which directs law enforcement agencies in facilitating the convenience of victims and witnesses in criminal cases to "make a reasonable effort to assure that each victim and witness within their jurisdiction: . . . [h]as a victim impact statement prepared for consideration by the court." Obviously, what a victim or a witness thinks the evidence in a case shows or what the defendant's punishment should be is not an effect of crime but advocacy, and such thoughts have no place in a proper impact statement. Defendant's argument that impact statements should not be received unless preceded by live testimony is rejected. One reason, no doubt, in authorizing impact statements to start with was to save the time of the court and requiring a witness to testify as to what has already been concisely written out would be pointless. Which is not to say, of course, that the makers of such statements should not be in court and available for cross-examination; we think that ordinarily they should be and in this instance defendant has not shown either that they were not in court or that he desired to cross-examine them. The record does show, however, that one sister testified about other matters and that defendant's general objections were merely to the receipt of the statements and that nothing was said

about him desiring to cross-examine the makers and them not being available.

Affirmed.

Judges WELLS and PARKER concur in the result.